

# NUMBER 13-09-00274-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE JERRY LEE ALVAREZ

**On appeal from the 319th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Jerry Lee Alvarez, appeals his conviction of one count of burglary of a habitation, a first-degree felony. *See* TEX. PENAL CODE ANN. § 30.02 (West 2010). Pursuant to a judicial confession and stipulation, appellant pleaded guilty to one count of burglary of a habitation, and pleaded true to an enhancement paragraph regarding a prior conviction of burglary of a habitation. The trial court sentenced appellant to a fifty-year term of confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant filed a notice of appeal[1], and as discussed below, his court-appointed counsel filed an *Anders* brief. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See*

---

[1] The Texas Court of Criminal Appeals heard the matter upon an Application for Writ of Habeas Corpus and granted an out-of- time appeal, thereby allowing appellant to pursue this appeal. *Ex Parte Jerry Lee Alvarez*, CCRA No. AP-76,127 (Tex. Crim. App., April 30, 2009).

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the

2

*Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an adequate period of time has passed and appellant has not filed a pro se response.   *See In re Schulman*, 252 S.W.3d at 409.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal.   *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.   Accordingly, the judgment of the trial court is affirmed.

## III.   MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney[3] asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.)   (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the

---

court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.--Waco 1997, no pet.)).

[3]   At the inception of this appeal, appellant was represented by the Honorable Rick Holstein.   After Holstein filed a motion to withdraw as appellant's counsel, appellant filed a motion for extension of time to file a pro se brief, which was granted on February 10, 2011, and allowed appellant thirty days in which to file a brief.   To date, no brief has been filed.

appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
Gregory T. Perkes
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of May, 2011.

---

[4]   No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3, 68.7.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.